IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**UNITED STATES**                                                                  **PLAINTIFF/RESPONDENT**

V.                          No.  2:04-CR-20008
                                 2:02-CR-20047

**ROBERT LOUIS SALTER, JR.**                                          **DEFENDANT/PETITIONER**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate a Void Judgment (Doc. 75 and 180) pursuant to Rule 60(b)(4) filed July 27, 2009.  The United States of America filed a Response (Doc. 77 and 182) on October 13, 2009.  The matter was referred to the undersigned by order (Doc. 78 and 183) on October 14, 2009.

### I.  Background

On September 25th, 2002, a three count indictment in case number 2:02CR20047-001 was issued against the Defendant by a Grand Jury sitting in the Western District of Arkansas, alleging charges relating to the possession of machine guns and unregistered firearms. On May 13, 2003, the Petitioner pleaded guilty to Count 1 of the indictment. On September 29th, 2003, the Petitioner failed to appear for a sentencing hearing. On that same date, Petitioner caused to be filed a Motion to Withdraw Guilty Plea and Demand for Trial in a Constitutional Article III Court, following which, he absconded and became a fugitive.

On January 7th, 2004, Petitioner was the subject of an Indictment returned by the Grand Jury in case number 2:04CR20008-001, alleging that he knowingly and wilfully failed to appear

for sentencing in the previous case. Petitioner was arrested approximately five months later, following a lengthy manhunt, and was convicted of failing to appear following a one day jury trial on April 5th, 2004. Petitioner represented himself, though he was assisted by court appointed counsel. On July 26th, the Petitioner was jointly sentenced in the pending cases to 151 months imprisonment, followed by 3 years supervised release, $50,000.00 fine, and $200.00 special assessment. Prior to sentencing, the District Court disposed of all pending motions via rulings contained within the record.

Following his sentencing, Petitioner filed a direct appeal to the 8th Circuit Court of Appeals, which affirmed the district court. See *United States v. Salter*, 418 F.3d 860 (2005). The Defendant now brings this motion under the Federal Rules of Civil Procedure, Rule (60)(b)(4) contending that the judgment in 2:02-cr-20047 is void because he was not allowed to withdraw his plea of guilty.

## II.  Discussion

### A.  The Defendant's motion under Rule 60(b)(4).

The Defendant's Motion under the Civil Rules of Procedure is not applicable. Rule 60 of the Federal Rules of Civil Procedure do not apply in a criminal case. See *U.S. v. Camacho-Bordes*, 94 F.3d 1168 (8th Cir. 1996).  Even if Rule 60(b) were applicable in a criminal case it would not be applicable under the circumstances of this case.

The Federal Rules of Civil Procedure, Rule 60(b)(4), states that on motion and just terms, the court may relieve a party...from a final judgment, order or proceeding if the judgment is void. Rule 60(c) requires that a motion under Rule 60(b) be made within a reasonable time.  "[What constitutes 'reasonable time' under Rule 60(b)(6) depends on particular facts of case." *United*

*States v. Five Thousand Dollars in U.S. Currency*, 184 F.3d 958, 960 (8th Cir.1999) (citing *Watkins v. Lentil*, 169 F.3d 540, 544 (8th Cir.1999)).

The Defendant's delay in filing his motion is unreasonable. See *Kellogg v. Stack*, 269 F.3d 100, 104 (2d Cir.2001) (holding that a 26-month delay was "a period of time which constitutes a patently unreasonable delay absent mitigating circumstances"), cert. denied, 535 U.S. 932, 122 S.Ct. 1306, 152 L.Ed.2d 216 (2002); *Watkins v. Lentil*, 169 F.3d 540 at 544 (expressing "considerable trepidation" about whether a 17-month delay was reasonable, but ultimately finding that the issue was not properly before the court); *Nucor Corp. v. Neb. Pub. Power Dist.*, 999 F.2d 372, 374-75 (8th Cir.1993) (holding a three and one-half year delay was unreasonable). In this instance the motion to reconsider the denial of the motion to withdraw the plea was entered on March 11, 2004. (See United States v. Salter, 317 F. Supp 2d 891(2004)) While the defendant did appeal his conviction and sentence this particular issue does not appear to have been raised. The District Court sentence was affirmed by the 8th Circuit Court of Appeals (See *U.S. v. Salter*, 418 F.3d 860 (2005)) and the Supreme Court denied certiorari on February 21, 2006. (See *U.S. v. Salter*, 126 S.Ct. 1399 (2006)).

**B. The Defendant's Motion considered as a Motion under 28 U.S.C. §2255.**

Construing the Defendant's pleading liberally the court may consider the Motion as a Motion to Vacate under 28 U.S.C. §2255.

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is

otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.  See 28 U.S.C.A. § 2255.

**1. The claim is not timely.**

To the extent that Movant's motion is construed as a petition to vacate, set aside or correct his federal sentence pursuant to 28 U.S.C. § 2255, it must be denied as untimely. "A motion by a federal prisoner for post-conviction relief under 28 U.S.C. § 2255 is subject to a one-year statute of limitations that generally runs from 'the date on which the judgment of conviction becomes final.'" *United States v. Rivera*, 2008 WL 5283853, 3 ( 8th Cir. 2008) ( citing 28 U.S.C. § 2255 ¶ 6(1)). "By definition, a judgment becomes final when it can no longer be appealed." Id.

In this case the Movant did file an appeal which was denied by the 8th Circuit Court of Appeals on August 10, 2005.  See *U.S. v. Salter*, 418 F.3d 860 (2005). In his appeal the movant contended inter alia that the sentences violated his right to due process because the enhancements were imposed in violation of the plea agreement and that the government breached the plea agreement because the district court was required to treat the guidelines as mandatory and impose a sentence without applying any enhancements based on judge-found facts.  The Movant does not appear to have raised the specific issue that he was unconstitutionally prohibited from with-drawing his plea.

The movant filed a timely petition for certiorari which was denied by the United States Supreme Court on February 21, 2006.  See *U.S. v. Salter*, 126 S.Ct. 1399 (2006).  The one-year limit under the Antiterrorism and Effective Death Penalty Act of 1996 began to run on the date on which the movant's petition for a writ of certiorari was denied.  See *Campa-Fabela v. U.S.*,

339 F. 3d 993 C.A.8(Iowa), 2003. The Movant had until February 21, 2007 to file a motion under 28 U.S.C. §2255 but did not file his current motion until July 27, 2009.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Kvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). The Defendant has asserted no facts that justify any equitable tolling and the petition is time barred.

**2. Even if the motion were timely it is without merit.**

The ultimate issue, and basis for relief sought by the Petitioner revolves around the idea that the District Court and United States violated the Rules of Criminal Procedure, as well as the Petitioner's due process rights by not allowing him to withdraw his guilty plea of guilty in case number 2:02CR20047-001, and by purportedly denying his right to jury trial.

Under Federal Rule of Criminal Procedure 11(d)(2)(B), once a court accepts a guilty plea, a defendant may withdraw that plea only if he can show a "fair and just reason for requesting withdrawal." A Defendant has no absolute right to withdraw a guilty plea. See *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir.1993). The factors to be considered in determining

whether a defendant should be allowed to withdraw his plea are whether the defendant establishes a fair and just reason, whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the Government will be prejudiced if the Court grants the motion. See *United States v. Boone*, 869 F. 2d 1089 at 1091-1092 (8th Cir. 1989).  The Defendant bears the burden of establishing a "fair and just reason" for the withdrawal.  See *U.S. v. Morales*, 120 F. 3d 744, (8th Cir. 1997).

      The Movant was evidently granted a hearing on the Motion to Reconsider the denial of his motion to withdraw his plea.  The district court stated that "at the hearing on his motion to reconsider, Defendant stated that he "stood by averments 1, 2, 3, 4, 5 and 7" made in his original motion to withdraw his plea. As stated in the Court's previous order denying this motion, the jurisdictional and constitutional challenges made in these averments are patently frivolous. The Defendant reserved the right to appeal the Court's denial of his pro se motions raising these challenges in his conditional plea of guilty. Accordingly, they provide no basis for allowing him to withdraw his plea." *U.S. v. Salter,* 317 F.Supp.2d 891, 894 (W.D.Ark.,2004)

      A trial court's denial of a motion to withdraw a guilty plea is reviewed under a standard of abuse of discretion. See, e.g., *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir.1992).  It does not appear, however,  that the Movant appealed the specific issue concerning his attempt to withdraw his plea.

      A § 2255 motion is not a substitute for direct appeal; it is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974). *U.S. v. Wilson*,  997 F.2d 429, 431 (C.A.8

(Ark.),1993). Petitioner may not obtain § 2255 relief for "unappealed errors to which no contemporaneous objection was made" unless he can show both cause and prejudice. *Reid v. United States*, 976 F.2d 446, 448 (8th Cir.1992), cert. denied, 507 U.S. 945, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993).

As other courts have more specifically explained, however, the cause and prejudice exception does not apply to nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal. *Brennan v. U.S.*, 867 F.2d 111 at 120; *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir.1988). A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992); see *Davis v. United States*, 417 U.S. 333, 345 & n. 15 (1974) (federal prisoner cannot assert on collateral attack a nonconstitutional claim that was not raised on direct appeal); *U.S. v. Capua*, 656 F.2d 1033 at 1037 (1981), *Anderson v. U.S.* 25 F.3d 704, 706 (C.A.8 (N.D.),1994)

The movant could have raised this specific issue on appeal and did not and has put forth no cause for the failure to properly raise the claim on appeal. The Petitioner has also failed to establish any prejudice since he was granted a hearing on his motion to withdraw his plea and ultimately appealed the district court decision to the 8th Circuit Court of Appeals.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under Rule 60(b)(4) be DENIED.

**The parties have ten days from receipt of this report and recommendation in which**

**to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

/s/ J. Marschewski
James R. Marschewski
United States Magistrate Judge