IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                    PLAINTIFF

V.                                    No.  2:04-CR-20008

ROBERT LOUIS SALTER, JR.                                    DEFENDANT

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the Defendant's Notice of

Appeal (ECF No. 94), Notice of Untimely Appeal (ECF No. 95) and Motion for Leave to Appeal

IFP.

## I.  Background

Salter was indicted on, among other charges, possessing a machine gun in violation of 18

U.S.C. §§ 922( o)(1) and 924(a)(2). On May 13, 2003, he entered a conditional plea of guilty to

possessing the machine gun. On September 29, 2003, Salter failed to appear at his scheduled

sentencing and a warrant was issued for his arrest. On January 7, 2004, he was indicted on one

count of failure to appear in violation of 18 U.S.C. §§ 3146(a)(1) and 3146(b)(A)(ii). On

February 1, 2004, Salter was apprehended and found in possession of an AR-15 rifle and

.22-caliber handgun equipped with a silencer.

Salter was tried and convicted of failure to appear. The district court sentenced him to

120 months imprisonment for possession of the machine gun and thirty-one months

imprisonment for failure to appear, with the sentences to run consecutively. The district court

also imposed a three-year term of supervised release.

The Defendant did file an appeal which was denied by the 8th Circuit Court of Appeals on August 10, 2005.  See *U.S. v. Salter*, 418 F.3d 860 (2005). In his appeal he contended inter alia that the sentences violated his right to due process because the enhancements were imposed in violation of the plea agreement and that the government breached the plea agreement because the district court was required to treat the guidelines as mandatory and impose a sentence without applying any enhancements based on judge-found facts. The 8th Circuit Court of Appeals affirmed the District Court on August 10, 2005. (Id.). The movant filed a petition for certiorari which was denied by the United States Supreme Court on February 21, 2006.  See *U.S. v. Salter*, 126 S.Ct. 1399 (2006).

The Defendant subsequently filed a Rule 60 (B) (4) on July 27, 2009 (ECF No. 75) which was denied on November 16, 2009 (ECF No. 81).  The Defendant appealed the District Court's order and the 8th Circuit Court of Appeals affirmed the District Court on April 13, 2010 (ECF No. 89-1) and the Mandate issued on May 5, 2010 (ECF No. 89). The Defendant again filed for a Writ of Certiorari (ECF No. 91) which was denied by the Supreme Court on October 4, 2010. (ECF No. 92).

The United States filed a Satisfaction of Judgment and Release of Lien (ECF No. 93) on December 27, 2011 asserting that "Full monetary satisfaction is hereby acknowledged of that certain judgment entered on July 29, 2004, in favor of the United State of America, against" the Defendant.

The Defendant filed the current motions contending that the filing of the satisfaction of the monetary judgment reopens his ability to appeal his criminal conviction.  The Defendant

-2-

contends that the issues on appeal are his "depravation of Fifth Amendment due process and Sixth Amendment right to trial by jury" (ECF No. 97, p. 2).

## II.  Discussion

The court will first look at the Defendant's IFP application.

### A.  IFP Application

A litigant who seeks to be excused from prepaying the $455 filing fee for an appeal in a federal case may apply for IFP status. *See* 28 U.S.C. § 1915(a)(1); Fed. R.App. P. 24 (a). To qualify for IFP status, the litigant must submit financial information demonstrating that he or she cannot afford to pay, or give security for, the full filing fee. 28 U.S.C. § 1915(a)(1); Fed. R.App. P. 24(a). It is clear that the Defendant qualifies financially.

Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R.App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The claim in this case is frivolous.

The Defendant is not contending that his monetary obligations have not been satisfied but he is attempting to re-litigate the exact claims that have previously been found to have no merit by the 8th Circuit Court of Appeals in two appeals and, as stated below, his purported appeal is time barred

**B.  Notice of Appeal**

The Defendant has filed a Notice of Appeal stating that the Government's Satisfaction of Judgment "has opened the underlying judgment for review on jurisdictional grounds" (ECF No. 94, ¶2).  The Government's Satisfaction of Judgment and Release of Lien (ECF No. 93) was merely an administrative proceeding in which the Government noted that the Defendant's fine previously imposed had been satisfied and they were instructing the Caddo Paris Clerk's Office to release any lien that had been imposed. There was no action taken by the court.

In his Motion to Proceed IFP the Defendant states that the issues he desires to raise on appeal are his fifth amendment due process rights and his Sixth Amendment right to trial by jury (ECF No. 97, p. 2).  These issues were previously decided in his appeals (See *U.S. v. Salter*, 418 F.3d 860 (2005) and ECF No. 89).  The Defendant is merely trying to reassert the same issues that were previously decided in his appeal and the ruling on his motion to Void Judgment.

The Defendant is not seeking to appeal a judgment or order of the court but merely a Notice filed by the Justice Department that his monetary obligations have been satisfied. The Rules of Appellate Procedure provides that "[I]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the entry of either the judgment or the order being appealed."  *See Fed. Rules Appellate Procedure*,  Rule 4(b)(1)(A).  All judgments and final orders issued by the court have been appealed by the Defendant previously and the Court's rulings have been upheld on appeal. Since the Notice is well beyond the 14 days allowed for an appeal of the judgment or order the Notice is not timely.

The Defendant's contention that the filing of the Satisfaction has "opened up the underlying judgment for review" is facially inaccurate. The Defendant has not put forth any legal basis for his argument nor is the court aware of any.

### III.  Conclusion

Based upon the forgoing I recommend that the instant Motion for Leave to Appeal In Forma Pauperis (ECF No. 97) be **DENIED**, that the Notice of Appeal (ECF No. 94) be **DENIED** and that the Clerk's determination to not lodge the appeal (ECF No. 95) be **AFFIRMED**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  this March 21, 2012

*/s/ J. Marschewski*

HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE  JUDGE